IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BOBBY HUNTER                                                                                          PLAINTIFF

                v.                              Civil No. 12-5133

TONY PIRANI, Public
Defender                                                                                                    DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Bobby Hunter, currently an inmate of the Washington County Detention Center (WCDC), has submitted for filing in this district a *pro se* civil rights action under 42 U.S.C. § 1983. The case is before me to determine if Plaintiff qualifies for *in forma pauperis* (IFP) status and for presservice screening pursuant to the Prison Litigation Reform Act.

### 1. Background

According to the allegations of the complaint, Plaintiff is awaiting trial in a state court criminal case. Tony Pirani, a public defender, represents the Plaintiff.

The case was originally scheduled for trial on June 22nd but was continued until July 27th. Plaintiff believes that if Attorney Pirani had done his job the trial would not have been continued. Further, Plaintiff alleges Attorney Pirani has failed to visit Plaintiff at the jail and does not answer his phone calls.

### 2. Discussion

In reviewing an IFP application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so,

to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief); *see also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Review of the motion to proceed IFP shows that Plaintiff does qualify economically for IFP status. He has no income and no assets. His inmate account has an average monthly deposit of $28 and a negative average balance.

However, the complaint is subject to dismissal. To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

### 3. Conclusion

Accordingly, I recommend that Plaintiff's request to proceed *in forma pauperis* (Doc. 4) be denied and the complaint be dismissed with prejudice.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of July 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)